**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| KATHERINE CROWLEY, individually and on behalf of others similarly situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>CVS PHARMACY, INC. and KEVIN HOURICAN<br><br>        Defendants | Civil Action No. 1:20-cv-10731<br><br>REMOVED FROM THE SUPERIOR COURT OF PLYMOUTH COUNTY, COMMONWEALTH OF MASSACHUSETTS<br><br>C.A. No. 2083CV00088 |

## DEFENDANT CVS PHARMACY, INC.'S NOTICE OF REMOVAL

Defendant CVS PHARMACY, INC. ("CVS") hereby files this Notice of Removal of the above-captioned action from the Trial Court of Massachusetts, Plymouth Superior Court, Civil Action No. 2083CV00088, pursuant to 28 U.S.C. §§ 1441, 1446, and 1453, on the basis of the facts set forth below:

1. On January 28, 2020, Plaintiff Katherine Crowley ("Plaintiff") commenced this alleged class action in the Trial Court of Massachusetts, Plymouth County Superior Court, captioned *Crowley v. CVS Pharmacy, Inc., et al.,* docket no. 2083CV00088 ("State Court Action"). A true and correct copy of the Complaint and Civil Action Cover Sheet is attached as Exhibit A.

2. On March 25, 2020, CVS was served with the Complaint and summons. A true and correct copy of the materials served on CVS is attached as Exhibit A.

3. Because CVS filed this Notice of Removal within thirty days of service, this Notice of Removal is timely. *See* 28 U.S.C. § 1446(b); *see Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354-55 (1999).

1

**THE CASE IS REMOVABLE BASED ON DIVERSITY JURISDICTION**

4. Pursuant to 28 U.S.C. § 1332(a), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a).

5. In this case, the requirements of 28 U.S.C. § 1332(a) have been met because, as set forth below, there is diversity between Plaintiff and CVS and the amount in controversy exceeds $75,000, exclusive of interests and costs.

*The Parties Should Be Regarded As Diverse As Defendant Hourican Has Not Been Properly Served*

6. Section 1332 defines corporate citizenship as follows: "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]" 28 U.S.C. § 1332(c).

7. A corporation's principal place of business is the place where the corporation's officers direct, control, and coordinate the corporation's activity, and, in practice, that place "should normally be the place where the corporation maintains its headquarters." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

8. As stated in the Complaint, Plaintiff resides in the Commonwealth of Massachusetts, and is therefore a citizen and resident of the Commonwealth of Massachusetts. Compl. ¶ 1.

9. As stated in the Complaint, CVS's headquarters and principal place of business is in Woonsocket, Rhode Island. *Id.* at ¶ 2.

10. CVS is a corporation organized under the laws of the state of Delaware.

11. Plaintiff fails to allege in her Complaint the citizenship of individual Defendant Kevin Hourican.

12. Hourican is the former President of CVS Pharmacy, Inc. Upon information and belief, at the time that Plaintiff filed the Complaint Hourican was an individual with a usual place of residence in Massachusetts.

13. Proper service has not been completed upon Defendant Kevin Hourican. Plaintiff attempted to serve Hourican by mailing a copy of the Summons and Complaint to Hourican at CVS's Corporate office which was received on March 25, 2020. See Exhibit A. On March 25, 2020, Hourican was no longer employed with CVS. Under Mass. Civ. P. 4(d)(1), an individual must be served at his last and usual place of abode, therefore, Hourican has not been served.

14. Because Hourican has not been served, the forum defendant rule of 28 U.S.C. 1441(b)(2) does not apply here, and this case is removable under 28 U.S.C. § 1441(a). *Encompass Ins. Co. v. Stone Mansion Restaurant Inc.*, 902 F.3d 147, 154-55 (3d Cir. 2018) (holding that under 28 U.S.C. § 1441, a defendant, prior to being served, may remove a state court case to federal court where diversity of citizenship exists); *see also Campillo v. Antaki*, No. CV 19-9298 (KM/SCM), 2019 WL 3935990, at *1 (D.N.J. Aug. 20, 2019) (concluding that, in accordance with *Encompass*, "effective service under state law was not accomplished before the notice of removal was filed, so the 'snap removal' exception to the forum-defendant limitation applied").

15. The relevant facts and procedural posture of this case are identical to those in *Encompass*. Diversity jurisdiction exists based upon the citizenship of the parties and the amount in controversy, and lack of service of process on Hourican renders § 1441(b)(2) inapplicable. *Encompass Ins. Co.*, 902 F.3d at 154-55.

16. Accordingly, because Plaintiff and CVS are citizens of different states, and because Hourican's citizenship can be disregarded for purposes of removal, complete diversity of citizenship exists and the requirement set forth in 28 U.S.C. § 1332(a)(1) is satisfied in this case. *See Ezekiel v. Jones Motor Co.*, 377 F. Supp. 273, 275 (D. Mass. 1974) ("This Court has original

jurisdiction of this case under 28 U.S.C. § 1332 if the defendant is of citizenship diverse to that of the plaintiff.").

*The Amount In Controversy Exceeds $75,000*

17. "The amount in controversy is calculated based on 'the state of the complaint at the time of removal.'" *Williams v. Toys "R" Us - Delaware, Inc.*, No. CV 15-13943-MLW, 2016 WL 5723588, at *1 (D. Mass. Sept. 28, 2016) (citing *Magerer v. John Sexton & Co.*, 912 F.2d 525, 529 (1st Cir. 1990)).

18. It is well settled that in determining whether a complaint meets the amount in controversy threshold of 28 U.S.C. § 1332(a), a court should consider the aggregate value of a plaintiff's claims for damages. *See, e.g., Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 241 (1943) (amount in controversy requirement met if plaintiff "might recover," *inter alia*, award of actual and punitive damages in excess of amount in controversy requirement).

19. Plaintiff asserts common law claims for breach of contract and a number claims under the Massachusetts Wage Act for alleged unpaid wages on behalf of herself and others similarly situated. Compl. ¶ 53. According to Plaintiff, the figure for the breach of contract claim alone is greater than $250,000.00. *See* Exhibit A.

20. Plaintiff also seeks to recover treble damages, interest, reasonable attorney's fees, and costs. Compl., at WHEREFORE, Counts I, II, III, VI, V, VI, and VII. "The amount in controversy includes statutory multipliers, such as [] treble damages provision[s.]" *Law Office of J. Cariglia P.C. v. Jelly*, 146 F. Supp. 3d 251, 254 (D. Mass. 2015). Thus, Plaintiff meets the $75,000 requirement for proceeding before this court on diversity grounds.[1]

---

[1] In providing an assessment of Plaintiff's claims for purposes of establishing diversity jurisdiction, CVS makes no concession of liability and no concession that Plaintiff is owed any damages. *Amoche v. Guarantee Tr. Life Ins. Co.*, 556 F.3d 41, 51 (1st Cir. 2009) ("The question is not what damages the plaintiff will recover, but what amount is 'in controversy' between the parties. That the plaintiff may fail in its proof, and the judgment be less than the threshold (indeed, a good chance that the plaintiff will fail and the judgment will be zero) does not prevent removal."). CVS

4

21. Because this action is between citizens of different states and/or foreign states and the amount in controversy clearly exceeds the sum or value of $75,000, exclusive of interest and costs, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332. Accordingly, this action is removable to this Court pursuant to 28 U.S.C. § 1441(b).

## THIS CASE IS REMOVABLE UNDER THE CLASS ACTION FAIRNESS ACT

22. The Court also has original jurisdiction of this action under the Class Action Fairness Act of 2005 ("CAFA"), codified in relevant part in 28 U.S.C. § 1332(d)(2). As set forth below, this action is removable, pursuant to the provisions of 28 U.S.C. § 1441, as the amount in controversy exceeds $5,000,000, exclusive of interest and costs; the action includes more than 100 putative class members; and the action is a class action in which at least one class member is a citizen of a state different from that of at least one Defendant.

*Plaintiff And CVS Are Minimally Diverse*

23. As explained supra, CVS and Plaintiff are diverse, therefore, for purposes of CAFA jurisdiction and removal is established. *See* 28 U.S.C.S. § 1332(d)(2)(A)-(B); *McMorris v. TJX Cos.,* 493 F. Supp. 2d 158, 162 (D. Mass. 2007) (holding that under CAFA, "the U.S. Congress has abandoned the 'complete' diversity requirement. Instead, CAFA requires only 'minimal' diversity between adverse parties. Therefore, under CAFA, diversity jurisdiction exists in class actions so long as ***any*** member of a class of plaintiffs is a citizen of a state different from ***any*** defendant.") (emphasis added).

*There Are More Than 100 Class Members*

24. Plaintiff seeks to represent a putative class of "all persons employed by CVS Pharmacy in Massachusetts as Pharmacists at any time between the date six years prior to the date

---

disputes that Plaintiff is entitled to any recovery in this matter and disputes Plaintiff's allegations regarding any alleged unpaid wages.

this action was filed and the date of judgment. . ." Compl. ¶ 45.  Plaintiff also seeks to represent a putative class of "all Pharmacy Managers who were employed by CVS Pharmacy in Massachusetts at any time between the date six years prior to the date this action was filed and the date of judgment. . ." Compl. ¶ 46.

25.     Plaintiff asserts that the Pharmacist Class "encompasses at least 846 members" and that the Pharmacy Manager Class "encompasses at least 423 members."  Compl. ¶ 49.  In total, Plaintiff is seeking to represent, by her own allegations, at least 1,269 putative class members.  As such, there are well over 100 class members.

### *CVS Only Has To Show By A Preponderance Of The Evidence That The Amount In Controversy Exceeds $5,000,000*

26.     A party seeking to remove a complaint under CAFA "must show a 'reasonable probability' that more than $5 million is in dispute."  *Pazol v. Tough Mudder Inc.*, 819 F.3d 548, 552 (1st Cir. 2016) (citing *Amoche v. Guar. Trust Life Ins. Co.*, 556 F.3d 41, 50 (1st Cir. 2009)).  The burden of establishing the amount in controversy is "not an onerous one."  *Manson v. GMAC Mortg., LLC*, 602 F. Supp. 2d 289, 294 n.9 (D. Mass. 2009).

27.     Under CAFA, the Court determines the amount in controversy by "aggregating the claims of the proposed class members."  *Blumer v. Acu-Gen Biolabs, Inc.*, 638 F. Supp. 2d 81, 85-86 (D. Mass. 2009); *see also Std. Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013) (noting that CAFA "tells the District Court to determine whether it has jurisdiction by adding up the value of the claim of each person who falls within the definition of [the] proposed class and determine whether the resulting sum exceeds $5 million").  Moreover, under CAFA, there is no presumption against removal to federal court. *See Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014).

28.     In assessing the amount that the plaintiff's complaint places in controversy, the Court must consider the "possible damages" the class may recover if the plaintiff prevails, rather

6

than the amount the class is likely to recover. *Cooper v. Charter Commc'ns Entm'ts I, LLC*, 760 F.3d 103, 106 (1st Cir. 2014); *see also Amoche*, 556 F.3d at 51 ("[T]he pertinent question is what is *in controversy* in the case, not how much the plaintiffs are likely to recover."). In other words, CVS need only make a "plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 574 U.S. at 89.

29.    A defendant may establish the jurisdictional amount by "calculation from the complaint's allegations," "by reference to the plaintiff's informal estimates or settlement demands," or "by introducing evidence, in the form of affidavits from the defendant's employees about how much it would cost to satisfy the plaintiff's demands." *Amoche*, 556 F.3d at 41; *see also Romulus v. CVS Pharmacy, Inc.*, 770 F.3d 67, 78 (1st Cir. 2014) ("[C]orrespondence from the plaintiff to the defendant concerning damages can constitute an 'other paper' for purposes of Section 1446(b)(3).").

30.    In this case, Plaintiff's Complaint seeks recovery of 1) back wages and treble damages for class members who allegedly were not paid for work undertaken beyond their assigned hours in violation of M.G.L. c. 149, § 148 (Complaint, at Count II ¶ 5); 2) back wages and treble damages for class members who were allegedly paid at a rate less than one and one half times their regular rate of pay for all hours over forty in a work week in violation of M.G.L. c. 151, § 1A (Complaint, at Count IV ¶ 3); 3) back wages and damages for Pharmacy Manager class members who were allegedly not paid for attending required meetings in violation of M.G.L. c. 149, § 148 (Complaint, at Count VI ¶ 5); and a host of breach of contract claims.

31.    Plaintiff does not attach a specific dollar amount to the total damages she claims in the Complaint.  However, other documents within the "entire record" demonstrate that the amount in controversy exceeds $5,000,000.

32.     For example, Plaintiff sent CVS a demand letter seeking $50,778.00 for her Wage Act damages alone, before trebling.  A copy of Plaintiff's Demand Letter sent to CVS on November 12, 2019 is attached hereto as <u>Exhibit B</u>.[2]  In her Complaint, Plaintiff identifies 1,269 putative class members.  Compl. ¶ 49.

33.     Assuming that the putative class consists of 1,269 class members and those individuals are owed even 10% of what Plaintiff alleges she is owed, each class member would be entitled to approximately $5,077.80 in Wage Act damages, before trebling.  Using the numbers based on Plaintiff's allegations, the putative class would be owed at least $6,443,728.20, before trebling. Because damages under the Massachusetts wage laws are trebled (s*ee* Mass. Gen. Laws ch. 149, § 150), damages to the putative class would be at least $19,331,184.60.  This amount far exceeds the $5,000,000 requirement for CAFA jurisdiction,[3] without even factoring the attorneys' fees to which Plaintiffs would be entitled under the Massachusetts Wage Act.  *See id*.

34.     Because diversity of citizenship exists under CAFA, because there are more than 100 putative class members, and because the amount in controversy exceeds $5,000,000, this Court has original jurisdiction of the action pursuant to 28 U.S.C. § 1332(d)(2).[4]  This action is therefore a proper one for removal to this Court.

---

[2] District courts within the First Circuit have held that "a settlement demand is relevant evidence of the amount in controversy." *See, e.g., Hogan v. Wal-Mart Stores E., L.P*., 2014 U.S. Dist. LEXIS 1862, at *4 (D.R.I. Jan. 8, 2014); *Ramchandra v. Amtrak Nat'l R.R. Corp*., 345 F. Supp. 2d 33, 34 (D. Mass. 2004) (same). So, too, have courts from outside the First Circuit. *See, e.g*., *Cohn v. Petsmart, Inc*., 281 F.2d 837, 840 (9th Cir. 2002) ("A settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim."); *McPhail v. Deere & Co*., 529 F.3d at 947, 956 (10th Cir. 2008) ("[D]ocuments that demonstrate plaintiff's own estimation of its claim are a proper means of supporting the allegations in the notice of removal, even though they cannot be used to support the ultimate amount of liability.");

[3] As explained supra, in providing an assessment of Plaintiff's class action claims for purposes of establishing removal under CAFA, CVS makes no concession of liability and no concession that Plaintiff or any putative class members are owed any damages.

[4] A notice of removal need only contain allegations that the CAFA jurisdictional requirements are met.  *See Amoche*, 556 F.3d at 43 (1st Cir. 2009) (considering evidence supporting amount in controversy requirement alleged in defendant's notice of removal only after plaintiff filed a motion to remand).  To the extent that there is any challenge to federal subject matter jurisdiction in this matter, CVS reserves its rights to submit evidence establishing the facts giving rise to such jurisdiction.

**VENUE AND NOTICE**

35. Removal is appropriate "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. § 101, this Court embraces the Trial Court of Massachusetts, Plymouth County Superior Court. Accordingly, this Court is the appropriate venue for removal of this action. 28 U.S.C. § 1441(a).

36. Prompt written notice of this Notice of Removal has been sent to Plaintiff through his counsel, and to the Clerk of Court for the Trial Court of Massachusetts, Plymouth County Superior Court, as required by 28 U.S.C. § 1446(d). A copy of this notice is attached hereto as Exhibit C.

**CONCLUSION**

37. Based on the foregoing, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367; therefore, the Court properly may exercise jurisdiction over this lawsuit. 28 U.S.C. § 1441(a).

38. CVS submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff, without conceding that Plaintiff has pleaded claims upon which relief can be granted, and without admitting that Plaintiff is entitled to any monetary or equitable relief whatsoever (or that the damages she seeks may be properly sought).

39. Should Plaintiff seek to remand this case to state court, CVS respectfully asks that it be permitted to brief and argue the issue of this removal prior to any order remanding this case. In the event the Court decides remand is proper, CVS respectfully requests that the Court retain jurisdiction and allow CVS to file a motion asking this Court to certify any remand order for interlocutory review by the First Circuit Court of Appeals, pursuant to 28 U.S.C. § 1292(b).

WHEREFORE, Defendant CVS Pharmacy, Inc. submits that this action properly is removable based on federal diversity jurisdiction and respectfully shows that the above-described action pending against it has been removed to the United States District Court for the District of Massachusetts. CVS also requests all other relief, at law or in equity, to which it justly is entitled.

Dated: April 14, 2020                     Respectfully submitted,


                                              By: */s/ Anthony S. Califano*
                                                  Anthony S. Califano (BBO# 661136)
                                                  acalifano@seyfarth.com
                                                  Seyfarth Shaw LLP
                                                  Seaport East, Suite 300
                                                  Two Seaport Lane
                                                  Boston, Massachusetts  02210-2028
                                                  Telephone:  (617) 946-4800
                                                  Facsimile:   (617) 946-4801

                                                  James J. Swartz, Jr. (*pro hac vice anticipated*)
                                                  J Stanton Hill (*pro hac vice anticipated*)
                                                  Ariel D. Fenster (*pro hac vice anticipated*)
                                                  1075 Peachtree Street, N.E.
                                                  Suite 2500
                                                  Atlanta, GA  30309-3958
                                                  Telephone:   (404) 885-1500
                                                  Facsimile:   (404) 892-7056
                                                  jswartz@seyfarth.com
                                                  shill@seyfarth.com
                                                  afenster@seyfarth.com

                                                  *Counsel for Defendant*

## CERTIFICATE OF SERVICE

      I certify that on April 14, 2020, I filed the foregoing **DEFENDANT CVS PHARMACY, INC.'S NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing, as set forth below. A true copy of the foregoing was also served via email and first class mail upon Plaintiff's counsel, as follows:

            Wilson D. Rogers, III
            The Rogers Law Firm
            89 Essex Heights Drive
            Weymouth, Massachusetts  02188
            wrogersiii@therogerslawfirm.com

            L. Richard LeClair, III
            LeClair & LeClair, P.C.
            707 Main Street
            Waltham, Massachusetts  02451
            lrl@leclairlaw.com

                                  */s/ Anthony S. Califano*
                                  Anthony S. Califano