Exhibit A

# Exhibit A

# *WILSON D. ROGERS, III*

*Attorney at Law*
*89 Essex Heights Drive*
*Weymouth, Massachusetts 02188*
*781-794-1600*

*wrogersiii@therogerslawfirm.com*                    *www.wilsonrogerslaw.com*

March 23, 2020

CERTIFIED MAIL, RETURN
RECEIPT REQUESTED

Mr. Kevin Hourican
President
CVS Pharmacy, Inc.
One CVS Drive
Woonsocket, RI 02895

RE: KATHERINE CROWLEY, ET ALS.
VS. CVS PHARMACY, INC. AND KEVIN HOURICAN
PLYMOUTH SUPERIOR COURT
CIVIL ACTION NO. 2083CV00088

Dear Mr. Hourican:

Please be advised that my office represents Katherine Crowley. The above-referenced matter has now been filed in the Plymouth Superior Court in Massachusetts. Service is being hereby made on you, in your individual capacity, and on CVS Pharmacy, Inc. in accordance with M.G.L. c. 223A, Section 6. Enclosed please find the following documents:

1. Summons to Kevin Hourican;
2. Summons to CVS Pharmacy, Inc.;
3. Complaint (2 copies); and
4. Civil Action Cover Sheet (2 copies).

Thank you for your attention to this matter.

Sincerely,

Wilson D. Rogers, III

cc: L. Richard LeClair, III (w/o encls.)
    Jim Swartz (w/o encls.)

Summons                                          **Trial Court of Massachusetts**

2083CV00088                                      **The Superior Court**

| | |
|---|---|
| CASE NAME: | Robert S. Creedon, Jr.    Clerk of Courts |
| *Katherine Crowley, Individually and* | Plymouth    County |
| *on behalf of others similarly situated* | |
| Plaintiff(s) | COURT NAME & ADDRESS: |
| vs. | Plymouth Superior Court |
| *CVS Pharmacy, Inc. and* | 72 Belmont Street |
| *Kevin Hourican* | Brockton, MA 02301 |
| Defendant(s) | |

THIS SUMMONS IS DIRECTED TO   *CVS Pharmacy, Inc.*    (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the  Plymouth Superior   Court.

**YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

### 1. You must respond to this lawsuit in writing within 20 days.

If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

### 2. How to Respond.

To respond to this lawsuit, you must file a written to response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:

   a) Filing your **signed original** response with the Clerk's Office for Civil Business,  Plymouth Superior   Court
      72 Belmont Street, Brockton, MA 02301      (address), by mail or in person **AND**

   b) Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address:
      *Wilson D. Rogers, Attorney at Law, 89 Essex Heights Dr., Weymouth, MA 02188*

### 3. What to Include in Your Response.

An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your court no more than 10 days after sending your Answer.

3 (cont). You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12**. If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at:

<p align="center">www.mass.gov/courts/case-legal-res/rules_of_court</p>

## 4. Legal Assistance.

You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

## 5. Required Information on All Filings:

The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. _Judith Fabricant_____ , Chief Justice on _____ , 20____ . (Seal)

Clerk-Magistrate _____

**Note:** The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

---

<p align="center">PROOF OF SERVICE OF PROCESS</p>

---

I hereby certify that on _____ . I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4(d)(1-5)):

_____

_____

_____

Dated: _____          Signature: _____

**N.B.   TO PROCESS SERVER:**

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

Date:

COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, ss.

SUPERIOR COURT
CIVIL ACTION NO.
2083CV00088

|  |  |
|---|---|
| KATHERINE CROWLEY, individually and on behalf of others similarly situated,<br><br>        Plaintiffs<br><br>v.<br><br>CVS PHARMACY, INC. and KEVIN HOURICAN<br><br>        Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

### PARTIES

1. The Plaintiff, Katherine Crowley, is a resident of Hanover, Plymouth County, Massachusetts.

2. The Defendant, CVS Pharmacy, Inc., is a for-profit corporation with a principal place of business in Woonsocket, Rhode Island. The Defendant, CVS Pharmacy, Inc. does business throughout the Commonwealth of Massachusetts, including in Hanover, Plymouth County, Massachusetts.

3. The Defendant, Kevin Hourican, now and at all relevant times as set forth in this Complaint, was President of CVS Pharmacy, Inc.

### FACTS

4. The Plaintiff was employed by the Defendant, CVS Pharmacy, Inc. ("CVS Pharmacy"), in various capacities, from March of 2007 to August 5, 2019.

5. The Plaintiff was employed by CVS Pharmacy as the Pharmacy Manager at CVS Health Store No. 1945 ("Store No. 1945") in Hanover, Massachusetts from August of 2015 to August 5, 2019, when she was terminated.

1

6.  As part of the Plaintiff's employment agreement with CVS Pharmacy, the Plaintiff was entitled to the benefit of a progressive disciplinary policy. In accordance with this policy and practice, a first incident results in a verbal warning (Level I), a second incident results in counselling (Level II), a third incident results in a final warning (Level III), and a fourth incident results in termination (Level IV).

7.  On August 5, 2019, the Plaintiff was advised by CVS Pharmacy that she was being issued a Level IV action resulting in her termination. CVS Pharmacy advised the Plaintiff that it had received "3 separate written complaints from 3 pharmacy colleagues" over a six-day period in July of 2019 suggesting that the Plaintiff had created a hostile working environment. CVS Pharmacy also noted that the Plaintiff had previously received a Level III Final Warning.

8.  Based upon her employment agreement with CVS Pharmacy, the Plaintiff was entitled to a fair and complete investigation of the allegations which resulted in the alleged Level IV action. CVS Pharmacy did not conduct a fair and complete investigation.

9.  Despite the fact that there were allegedly three separate written complaints over a six-day period after the Plaintiff had been employed for twelve years, CVS Pharmacy did not make the Plaintiff aware of the complaints until the time of her termination. CVS Pharmacy did not interview the Plaintiff regarding these allegations, affording the Plaintiff the opportunity to place the allegations in context.

10. The alleged complaints were based upon the complaints of one pharmacy technician who did not want to take direction from the Plaintiff or to be admonished.

11. The alleged complaints, if placed in context with a fair and complete investigation as required of CVS Pharmacy, did not warrant termination or any other adverse action against the Plaintiff.

12. CVS Pharmacy did not appropriately adhere to it progressive disciplinary policy in violation of its employment agreement with the Plaintiff as follows:

a. CVS Pharmacy never issued a Level I warning to the Plaintiff.

b. A Level II violation was issued to the Plaintiff by CVS Pharmacy due to a conflict which arose between the Plaintiff, as Pharmacy Manager, and the Store Manager regarding the Pharmacy using front store staff to help ring up customers in the Pharmacy when they were short staffed. When the issue initially arose, the District Leader directed that whereas the Pharmacy drives the store, generating more than 75% of the store revenue, the Store Manager was to send back front store staff to help ring in the Pharmacy whenever requested by the Plaintiff. When conflict continued regarding this issue, both the Plaintiff and the Store Manager were reprimanded by CVS Pharmacy despite the previous direction by the District Manager. The Level II violation should never have been issued to the Plaintiff.

c. A Level III violation was issued when the Plaintiff advised her District Leader that he would need to get someone to cover her shift as she had received a call from her mother who was in the Emergency Room at South Shore Hospital having chest pains. The District Leader advised the Plaintiff that she would have to come in and open the pharmacy or to find a co-worker to cover for her. During their exchange that morning, the District Leader advised the Plaintiff that she was being irresponsible and that he expected her to open the store. The Plaintiff informed the District Leader that she was going to the hospital and did not intend to take further action. Despite the fact that the District Leader's position was in violation of both the Federal Family and Medical Leave Act and CVS Pharmacy policies, a Level III violation was issued to the Plaintiff.

d. As noted herein, a Level IV violation was issued to the Plaintiff resulting in her termination without a required fair and complete investigation including but not limited to interviewing the Plaintiff.

13. The Plaintiff was paid an hourly wage throughout her employment by CVS Pharmacy.

14. In 2015, when the Plaintiff was offered the position of Pharmacy Manager at CVS Health Store 1945, she was advised in a forwarding email that her "new hourly rate will be 60.09 with scheduled base hours of 33.0".

15. As Pharmacy Manager, the Plaintiff was being paid an hourly wage of $65.10 at the time of her termination on August 5, 2019.

16. When CVS Pharmacy responded to the Plaintiff's application for unemployment, following her termination, CVS Pharmacy confirmed that the Plaintiff was "earning $65.10 per hour".

3

17. During all relevant times, CVS Pharmacy budgeted a set number of total hours to be worked on a weekly basis by the pharmacists assigned to each of its stores. Those budgeted hours were divided among the pharmacists assigned to cover each store such that each pharmacist had a set number of hours that each pharmacist had to average on a weekly basis over the course of a two-week or three-week schedule.

18. At all relevant times, the Plaintiff's assigned set number of hours that she had to average was never greater than 40 hours per week. During certain weeks, however, the schedule provided for her to work more than 40 hours.

19. The Plaintiff was required to work certain Sundays and holidays throughout her employment with CVS Pharmacy.

20. The Plaintiff was paid by CVS Pharmacy every two weeks. The Plaintiff would receive for each week worked the same "base pay". The "base pay" was calculated by multiplying her then assigned set number of hours which she was required to average on a weekly basis by her then current hourly rate.

21. The assigned number of hours which the Plaintiff was required to average on a weekly basis was not always the same throughout the course of the Plaintiff's employment with CVS Pharmacy. On at least two occasions, CVS Pharmacy increased the budgeted number of total hours the pharmacists assigned to Store No. 1945 would need to work on a weekly basis, which resulted in an increase in the number of hours the Plaintiff was required to average on a weekly basis. On these occasions, as the Plaintiff was an hourly employee, the "base pay" the Plaintiff was earning on a weekly basis increased because of the additional hours. When the Plaintiff's hours were increased, there was no negotiation between the Plaintiff and CVS Pharmacy regarding these additional hours.

22. On at least one occasion, CVS Pharmacy decreased the budgeted number of total hours the pharmacists assigned to Store No. 1945 would need to work on a weekly basis, which resulted in a decrease in the number of hours the Plaintiff was required to average on a weekly basis. When this happened, as the Plaintiff was an hourly employee, the "base pay" the Plaintiff was earning on a weekly basis decreased because she was required to average one less hour per week. When the Plaintiff's hours were decreased, there was no negotiation between the Plaintiff and CVS Pharmacy regarding these fewer hours.

4

23. Over the time the Plaintiff worked at CVS Pharmacy her hourly rate gradually increased as she was provided from time to time merit raises.

24. On rare occasions, when the pharmacy at CVS Health Store No. 1945 was backed up, the District Leader would approve additional paid hours for the pharmacists beyond their assigned hours.

25. CVS Pharmacy's policy was to pay a pharmacist a CVS Pharmacy overtime rate if a pharmacist exceeded 44 hours in a work week. This overtime rate was not time and a half.

26. On at least two occasions on which the Plaintiff was approved for hours which exceeded her working 44 hours in a work week, CVS Pharmacy credited those hours for which the Plaintiff would have received the CVS Pharmacy overtime rate over a two to three week period instead of crediting those hours for the week in which they were earned thereby depriving the Plaintiff of the CVS Pharmacy overtime rate.

27. CVS Pharmacy on numerous occasions denied the Plaintiff's requests for additional paid hours beyond the hours for which she had been assigned. On those occasions the Plaintiff was generally advised to find a way to get her work done within her assigned hours.

28. The environment created by CVS Pharmacy leadership was such that the Plaintiff, except in dire circumstances, stopped requesting approval for additional paid hours.

29. On a weekly basis, the Plaintiff came in earlier than her scheduled shifts and stayed beyond her scheduled shifts in order to help to try to keep the heavy volume of prescriptions filled in a timely manner. It is expected that the pharmacy log book at CVS Health Store 1945 and the computer log credentialing the Plaintiff's filling of prescriptions reflect that at a minimum, the Plaintiff was working an additional four hours per week in the store beyond the hours for which the Plaintiff was assigned and paid.

30. CVS Pharmacy was aware that the Plaintiff was working these additional hours in the store for which she was not being paid.

31. On a weekly basis, the Plaintiff also undertook scheduling assignments at home which totaled approximately two additional hours per week.

32. CVS Pharmacy was aware that the Plaintiff was working these additional hours at home for which she was not being paid.

33. Approximately twice per year, the Plaintiff, as Pharmacy Manager, was required to participate in day long meetings for CVS Pharmacy for which she was not paid. Additionally, approximately eight times per year, the Plaintiff was required to participate in other local meetings for approximately three hours each and for which she was not paid.

34. CVS Pharmacy was aware that the Plaintiff was attending these required meetings for which she was not being paid.

35. CVS Pharmacy was aware that the Plaintiff was working in excess of 40 hours per week but did not pay the Plaintiff overtime in accordance with M.G.L. c. 151, § 1A.

36. CVS Pharmacy was aware that the Plaintiff was working certain Sundays and holidays but did not pay the Plaintiff premium pay in accordance with M.G.L. c. 136, § 6.

37. CVS Pharmacy was aware that the Plaintiff was working certain weeks in excess of 44 hours but did not pay the Plaintiff the CVS Pharmacy overtime rate for hours exceeding 44 hours.

38. On information and belief, other pharmacists were employed by CVS Pharmacy for an hourly wage and worked hours beyond the hours for which they had been budgeted and were not paid for said hours.

39. On information and belief, other pharmacists employed by CVS Pharmacy for an hourly wage worked hours in excess of 40 hours per week but were not paid overtime by CVS Pharmacy in accordance with M.G.L. c. 151, § 1A.

40. On information and belief, other pharmacists employed by CVS Pharmacy for an hourly wage worked certain Sundays and holidays but were not paid premium pay in accordance with M.G.L. c. 136, § 6.

6

41. On information and belief, other pharmacists employed by CVS Pharmacy for an hourly wage worked hours in excess of 44 hours per week but were not paid the CVS Pharmacy overtime rate for the hours exceeding 44 hours.

42. On information and belief, other Pharmacy Managers approximately twice per year were required to participate in day long meetings for CVS Pharmacy for which they were not paid. Additionally, approximately eight times per year other Pharmacy Managers were required to participate in other local meetings for approximately three hours each and for which they were not paid.

43. A complaint was filed with the Attorney General's Office for non-payment of wages. The Attorney General's Office on December 24, 2019, authorized the Plaintiff to file a private civil lawsuit on her own behalf and on behalf of similarly situated workers.

## CLASS ALLEGATIONS

44. The Plaintiff, Ms. Crowley, brings this action on behalf of two classes of similarly situated CVS Pharmacy employees.

45. The "Pharmacist Class" consists of all persons who were employed by CVS Pharmacy in Massachusetts as pharmacists at any time between the date six years prior to the date this action was filed and the date of judgment, who worked in excess of their budgeted hours and were not paid for said work, who were not paid overtime pay of time and a half in accordance with M.G.L. c. 151, § 1A, who were not paid premium pay in accordance with M.G.L. c. 136, § 6 for work undertaken on Sundays and holidays, and/or who were not paid the CVS Pharmacy overtime rate for work in excess of 44 hours.

46. The "Pharmacy Manager Class' consists of all Pharmacy Managers who were employed by CVS Pharmacy in Massachusetts at any time between the date six years prior to the date this action was filed and the date of judgment, who were not paid for their attendance at mandatory meetings of CVS Pharmacy.

7

47. The Plaintiff and both of the Classes meet the requirements of Mass. R. Civ. P. 23 to pursue this action as a class action.

48. The Classes are sufficiently numerous that joinder of all members is impracticable.

49. On information and belief, the Pharmacy Manager Class encompasses at least 423 members. On information and belief, the Pharmacist Class encompasses at least 846 members.

50. There are questions of law and fact which are common to all members of the Classes. These questions predominate over any question affecting only individual class members. The gravamen of this complaint, aside from the claim arising from the termination of the Plaintiff, is based on several discrete and uniform policies and practices of CVS Pharmacy that affected a group of employees in a similar manner.

51. Ms. Crowley's claims pertaining to her wages are typical of claims of members of the Classes. All such claims are based on the same factual and legal theories.

52. Ms. Crowley will fairly and adequately represent the interests of Class members. Ms. Crowley has no conflict with any members of the Classes and is capable and willing to serve as a class representative. She has retained competent and experienced counsel.

53. Certification of this class pursuant to Mass. R. Civ. P. 23 is appropriate.  Common questions of law and fact predominate over individual questions. Among the questions of law and fact common to the Plaintiff and Classes are:

   a.  Whether CVS Pharmacy pharmacists are hourly employees subject to the Massachusetts Wage Act;

   b.  Whether CVS Pharmacy's practice of not paying pharmacists for work undertaken beyond their assigned hours is a violation of M.G.L. c. 149, § 148;

   c.  Whether CVS Pharmacy's practice of not paying time and a half to pharmacists for work in excess of 40 hours in a work week is a violation of M.G.L. c. 151, § 1A;

   d.  Whether CVS Pharmacy's practice of not paying premium pay to pharmacists for work undertaken on Sundays and certain holidays is a violation of M.G.L. c. 136, § 6;

e.  Whether CVS Pharmacy's practice of not paying Pharmacy Managers for their required attendance at meetings is a violation of M.G.L. c. 149, § 148;

f.  Whether CVS Pharmacy's practice of not paying pharmacists the CVS Pharmacy overtime rate when pharmacists worked in excess of 44 hours is a violation of M.G.L. c. 149, § 148;

g.  Whether CVS Pharmacy breached the employment agreements it held with pharmacists by not paying said pharmacists for work they had undertaken beyond their budgeted hours;

h.  Whether CVS Pharmacy breached the employment agreements it held with pharmacists by not paying said pharmacists the CVS Pharmacy overtime rate when the pharmacists worked in excess of 44 hours; and

i.  Whether CVS Pharmacy breached the employment agreements it held with Pharmacy Managers by not paying said Pharmacy Managers for their required attendance at meetings.

54. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, in that:

a.  Concentration of the litigation concerning this matter in this Court is desirable;

b.  A failure of justice will result from the absence of a class action;

c.  The amounts at issue for individual class members are not substantial enough to make individual actions economic; and

d.  The class is of moderate size and no difficulties are likely to be encountered in the management of a class action.

## CAUSES OF ACTION

### COUNT I
**(Breach of Contract Resulting in Termination: Katherine Crowley, Individually, vs. CVS Pharmacy)**

1.  Plaintiff incorporates herein by reference paragraphs 1-43 of Plaintiff's Complaint.

2.  The Defendant, CVS Pharmacy, breached its employment agreement with the Plaintiff by failing to fairly and completely investigate the allegations which led to the finding of a Level IV violation and which resulted in the termination of the Plaintiff.

9

3. The Defendant, CVS Pharmacy, breached its employment agreement by not appropriately adhering to and applying its progressive disciplinary policy, resulting in the Plaintiff's termination.

WHEREFORE, the Plaintiff, Katherine Crowley, prays judgment against the Defendant, CVS Pharmacy, in an amount to be determined by a jury, costs, and interest.

## COUNT II
### (Non-Payment of Wages in Violation of M.G.L. c. 149, §§ 148 and 150: Pharmacist Class vs. CVS Pharmacy and Kevin Hourican)

1. Plaintiff incorporates herein by reference paragraphs 1-54 of Plaintiff's Complaint.

2. M.G.L. c. 149, § 148 requires the timely payment of all wages.

3. M.G.L. c. 149, § 148 provides, in relevant part, that "[e]very person having employees in his service shall pay weekly or bi-weekly each such employee the wages earned by him to within six days of the termination of the pay period during which the wages were earned if employed for five or six days in a calendar week, or to within seven days of the termination of the pay period during which the wages were earned if such employee is employed seven days in a calendar week…"

4. 454 Code Mass. Regs. § 27.02 defines working time, in relevant part, as "all time during which an employee is required to be on the employer's premises or to be on duty, or to be at the prescribed work site or at any other location, and any time worked before or after the end of the normal shift to complete the work.."

5. By failing to pay the Pharmacist Class members their earned wages, including the wages they earned for hours worked beyond their budgeted hours, hours worked in excess of 44 hours entitling them to the CVS Pharmacy overtime rate, and hours worked on Sundays and certain holidays entitling the Pharmacist Class to premium pay, CVS Pharmacy and Kevin Hourican failed to pay the Pharmacist Class members the full amount of their earned wages when they became due and payable in violation of M.G.L. c. 149, § 148.

6. The Plaintiff incurred damages as a result of the Defendants' actions.

WHEREFORE, the Plaintiff on behalf of the Pharmacist Class, prays judgment against the Defendants, CVS Pharmacy and Kevin Hourican, in an amount to be determined by a jury, and in accordance with M.G.L. c. 149, § 150, treble damages, the costs of this litigation, and attorneys' fees, together with accrued interest.

## COUNT III
### (Breach of Contract - Non-Payment of Wages: Pharmacist Class vs. CVS Pharmacy)

1. Plaintiff incorporates herein by reference paragraphs 1-54 of Plaintiff's Complaint.

2. By failing to pay the Pharmacist Class members their earned wages, including the wages they earned for hours worked beyond their budgeted hours and hours worked in excess of 44 hours entitling them to the CVS Pharmacy overtime rate, CVS Pharmacy breached the employment agreements it held with members of the Pharmacist Class.

3. The Plaintiff incurred damages as a result of the Defendant's actions.

WHEREFORE, the Plaintiff on behalf of the Pharmacist Class, prays judgment against the Defendant, CVS Pharmacy, in an amount to be determined by a jury, costs, and interest.

## COUNT IV
### (Non-Payment of Overtime Wages in Violation of M.G.L. c. 151, §§ 1A and 1B: Pharmacist Class vs. CVS Pharmacy and Kevin Hourican)

1. Plaintiff incorporates herein by reference paragraphs 1-54 of Plaintiff's Complaint.

2. M.G.L. c. 151 § 1A provides, in relevant part, that "no employer in the commonwealth shall employ any of his employees.... for a work week longer than forty hours, unless such employee receives compensation for his employment in excess of forty hours at a rate not less than one and a half times the regular rate at which he is employed."

11

3. By failing to pay the Pharmacist Class members at a rate of one and a half times the regular rate at which they were employed for employment in excess of forty hours in a work week, CVS Pharmacy and Kevin Hourican failed to pay the Pharmacist Class members the full amount of their earned wages.

4. The Plaintiff incurred damages as a result of the Defendants' actions.

WHEREFORE, the Plaintiff on behalf of the Pharmacist Class, prays judgment against the Defendants, CVS Pharmacy and Kevin Hourican, in an amount to be determined by a jury, and in accordance with M.G.L. c. 151, § 1B treble damages, the costs of this litigation, and attorneys' fees, together with accrued interest.

## COUNT V
### (Non-Payment of Wages in Violation of M.G.L. c. 149, §§ 148 and 150: Pharmacy Manager Class vs. CVS Pharmacy and Kevin Hourican)

1. Plaintiff incorporates herein by reference paragraphs 1-54 of Plaintiff's Complaint.

2. M.G.L. c. 149, § 148 requires the timely payment of all wages.

3. M.G.L. c. 149, § 148 provides, in relevant part, that "[e]very person having employees in his service shall pay weekly or bi-weekly each such employee the wages earned by him to within six days of the termination of the pay period during which the wages were earned if employed for five or six days in a calendar week, or to within seven days of the termination of the pay period during which the wages were earned if such employee is employed seven days in a calendar week…"

4. 454 Code Mass. Regs. § 27.02 defines working time, in relevant part, as "all time during which an employee is required to be on the employer's premises or to be on duty, or to be at the prescribed work site or at any other location, and any time worked before or after the end of the normal shift to complete the work.."

5. By failing to pay the Pharmacy Manager Class members their earned wages, including the wages they earned for hours worked through their attendance at required meetings, CVS Pharmacy and

Kevin Hourican failed to pay the Pharmacist Class members the full amount of their earned wages when they became due and payable in violation of M.G.L. c. 149, § 148.

6. The Plaintiff incurred damages as a result of the Defendants' actions.

WHEREFORE, the Plaintiff on behalf of the Pharmacy Manager Class, prays judgment against the Defendants, CVS Pharmacy and Kevin Hourican, in an amount to be determined by a jury, and in accordance with M.G.L. c. 149, § 150, treble damages, the costs of this litigation, and attorneys' fees, together with accrued interest.

**COUNT VI**
**(Breach of Contract - Non-Payment of Wages: Pharmacy Manager Class vs. CVS Pharmacy)**

1. Plaintiff incorporates herein by reference paragraphs 1-54 of Plaintiff's Complaint.
2. By failing to pay the Pharmacy Manager Class members their earned wages, including the wages they earned for hours worked through their attendance at required meetings, CVS Pharmacy breached the employment agreements it held with members of the Pharmacy Manager Class.
3. The Plaintiff incurred damages as a result of the Defendant's actions.

WHEREFORE, the Plaintiff on behalf of the Pharmacy Manager Class, prays judgment against the Defendant, CVS Pharmacy, in an amount to be determined by a jury, costs, and interest.

**COUNT VII**
**(Non-Payment of Wages in Violation of M.G.L. c. 149, §§ 148 and 150: Katherine Crowley, Individually, vs. CVS Pharmacy and Kevin Hourican)**

1. Plaintiff incorporates herein by reference paragraphs 1-43 of Plaintiff's Complaint.
2. M.G.L. c. 149, § 148 requires the timely payment of all wages.
3. M.G.L. c. 149, § 148 provides, in relevant part, that "[e]very person having employees in his service shall pay weekly or bi-weekly each such employee the wages earned by him to within six

days of the termination of the pay period during which the wages were earned if employed for five or six days in a calendar week, or to within seven days of the termination of the pay period during which the wages were earned if such employee is employed seven days in a calendar week…"

4. 454 Code Mass. Regs. § 27.02 defines working time, in relevant part, as "all time during which an employee is required to be on the employer's premises or to be on duty, or to be at the prescribed work site or at any other location, and any time worked before or after the end of the normal shift to complete the work.."

5. By failing to pay Katherine Crowley her earned wages, including the wages she earned for hours worked beyond her budgeted hours, hours worked in excess of 44 hours entitling her to the CVS Pharmacy overtime rate, hours worked on Sundays and certain holidays entitling Katherine Crowley to premium pay, and hours worked by her attendance at required meetings, CVS Pharmacy and Kevin Hourican failed to pay Katherine Crowley the full amount of her earned wages when they became due and payable in violation of M.G.L. c. 149, § 148.

6. The Plaintiff incurred damages as a result of the Defendants' actions.

WHEREFORE, the Plaintiff, Katherine Crowley, Individually, prays judgment against the Defendants, CVS Pharmacy and Kevin Hourican, in an amount to be determined by a jury, and in accordance with M.G.L. c. 149, § 150, treble damages, the costs of this litigation, and attorneys' fees, together with accrued interest.

## COUNT VIII
**(Breach of Contract - Non-Payment of Wages: Katherine Crowley, Individually, vs. CVS Pharmacy)**

1. Plaintiff incorporates herein by reference paragraphs 1-43 of Plaintiff's Complaint.

2. By failing to pay Katherine Crowley her earned wages, including the wages she earned for hours worked beyond her budgeted hours, hours worked in excess of 44 hours entitling her to the CVS Pharmacy overtime rate, and hours worked by her attendance at required meetings, CVS Pharmacy breached the employment agreement it held with Katherine Crowley.

3. The Plaintiff incurred damages as a result of the Defendant's actions.

14

WHEREFORE, the Plaintiff, Katherine Crowley, Individually, prays judgment against the Defendant, CVS Pharmacy, in an amount to be determined by a jury, costs, and interest.

## COUNT IX
### (Non-Payment of Overtime Wages in Violation of M.G.L. c. 151, §§ 1A and 1B: Katherine Crowley, Individually, vs. CVS Pharmacy and Kevin Hourican)

1. Plaintiff incorporates herein by reference paragraphs 1-43 of Plaintiff's Complaint.

2. M.G.L. c. 151, § 1A provides, in relevant part, that "no employer in the commonwealth shall employ any of his employees.... for a work week longer than forty hours, unless such employee receives compensation for his employment in excess of forty hours at a rate not less than one and a half times the regular rate at which he is employed."

3. By failing to pay Katherine Crowley at a rate of one and a half times the regular rate at which she was employed for employment in excess of forty hours in a work week, CVS Pharmacy and Kevin Hourican failed to pay Katherine Crowley the full amount of her earned wages.

4. The Plaintiff incurred damages as a result of the Defendants' actions.

WHEREFORE, the Plaintiff, Katherine Crowley, Individually, prays judgment against the Defendants, CVS Pharmacy and Kevin Hourican, in an amount to be determined by a jury, and in accordance with M.G.L. c. 151, § 1B treble damages, the costs of this litigation, and attorneys' fees, together with accrued interest.

THE PLAINTIFF CLAIMS A TRIAL BY JURY.

Respectfully submitted,

THE PLAINTIFF

By Her Attorneys,

Wilson D. Rogers, III
BBO #559943
89 Essex Heights Drive
Weymouth, MA 02188
781-794-1600
wrogersiii@therogerslawfirm.com

L. Richard, LeClair, III
BBO #561650
LeClair & LeClair, P.C.
707 Main Street
Waltham, MA 02451
781-893-5655
lrl@leclairlaw.com

16

| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|

| | |
|---|---|
| PLAINTIFF(S):   Katherine Crowley, Individually and for Others Similarly Situated | COUNTY |
| ADDRESS:   582 Broadway | Plymouth |
| Hanover, MA 02339 | DEFENDANT(S):   CVS Pharmacy, Inc. and Kevin Hourican |
| ATTORNEY:   Wilson D. Rogers, III | |
| ADDRESS:   Attorney at Law | ADDRESS:   One CVS Drive |
| 89 Essex Heights Drive | Woonsocket, RI 02895 |
| Weymouth, MA 02188 | |
| BBO:   559943 | |

### TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO.<br>A04 | TYPE OF ACTION (specify)<br>Employment Contract/Wages | TRACK<br>F | HAS A JURY CLAIM BEEN MADE?<br>☒ YES    ☐ NO |
|---|---|---|---|

*If "Other" please describe:

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

#### TORT CLAIMS
(attach additional sheets as necessary)

| | | |
|---|---|---|
| A. Documented medical expenses to date: | | |
| 1. Total hospital expenses ......... | $ | |
| 2. Total doctor expenses ......... | $ | |
| 3. Total chiropractic expenses ......... | $ | |
| 4. Total physical therapy expenses ......... | $ | |
| 5. Total other expenses (describe below) ......... | $ | |
| Subtotal (A): | $ | |
| B. Documented lost wages and compensation to date ......... | $ | |
| C. Documented property damages to dated ......... | $ | |
| D. Reasonably anticipated future medical and hospital expenses ......... | $ | |
| E. Reasonably anticipated lost wages ......... | $ | |
| F. Other documented items of damages (describe below) ......... | $ | |

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

TOTAL (A-F):$

#### CONTRACT CLAIMS
(attach additional sheets as necessary)

Provide a detailed description of claims(s):

This is a breach of contract claim arising out of the Plaintiff's termination as a Pharmacy Manager by CVS Pharmacy, Inc.      TOTAL: $   >$250,000

The Plaintiff also brings this action, Individually and on behalf of others similarly situated, for owed wages.

Signature of Attorney/Pro Se Plaintiff: X _____   Date: 1/28/2020

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X _____   Date: 1/28/2020

Summons

**Trial Court of Massachusetts**

**The Superior Court**

| CASE NAME: | Robert S. Creedon, Jr. | Clerk of Courts |
|---|---|---|

2083CV00088

Katherine Crowley, Individually and on behalf of others similarly situated

_Plaintiff(s)_

vs.

CVS Pharmacy, Inc. and Kevin Hourican

_Defendant(s)_

| | |
|---|---|
| Robert S. Creedon, Jr. | Clerk of Courts |
| Plymouth | County |

COURT NAME & ADDRESS:

Plymouth Superior Court

72 Belmont Street

Brockton, MA 02301

THIS SUMMONS IS DIRECTED TO ___Kevin Hourican___ (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the Plymouth Superior Court.

**YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.**

If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.**

To respond to this lawsuit, you must file a written to response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:

    a) Filing your **signed original** response with the Clerk's Office for Civil Business, Plymouth Superior Court 72 Belmont Street, Brockton, MA 02301 (address), by mail or in person **AND**

    b) Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address: Wilson D. Rogers, III, Attorney at Law, 89 Essex Heights Dr., Weymouth, MA 02188

3. **What to Include in Your Response.**

An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your court no more than 10 days after sending your Answer.

3 (cont). You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.** If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at:

<div align="center">www.mass.gov/courts/case-legal-res/rules_of_court</div>

### 4. Legal Assistance.

You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

### 5. Required Information on All Filings:

The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. <u>Judith Fabricant</u> , Chief Justice on _____ , 20____ . (Seal)

Clerk-Magistrate _____

**Note:** The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

---

<div align="center">PROOF OF SERVICE OF PROCESS</div>

---

I hereby certify that on _____ . I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4(d)(1-5)):

_____

_____

_____

Dated: _____          Signature: _____

**N.B.   TO PROCESS SERVER:**

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

Date:

| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|

| | | |
|---|---|---|
| PLAINTIFF(S): | Katherine Crowley, Individually and for Others Similarly Situated | COUNTY |
| ADDRESS: | 582 Broadway | Plymouth |
| | Hanover, MA 02339 | DEFENDANT(S): CVS Pharmacy, Inc. and Kevin Hourican |
| ATTORNEY: | Wilson D. Rogers, III | |
| ADDRESS: | Attorney at Law | ADDRESS: One CVS Drive |
| | 89 Essex Heights Drive | Woonsocket, RI 02895 |
| | Weymouth, MA 02188 | |
| BBO: | 559943 | |

## TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| A04 | Employment Contract/Wages | F | ☒ YES   ☐ NO |

*If "Other" please describe:

## STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses .................................................................................................... $ _____
2. Total doctor expenses ...................................................................................................... $ _____
3. Total chiropractic expenses .............................................................................................. $ _____
4. Total physical therapy expenses ....................................................................................... $ _____
5. Total other expenses (describe below) ............................................................................. $ _____
                                                                                    Subtotal (A): $ _____

B. Documented lost wages and compensation to date .......................................................... $ _____
C. Documented property damages to dated .......................................................................... $ _____
D. Reasonably anticipated future medical and hospital expenses ......................................... $ _____
E. Reasonably anticipated lost wages .................................................................................... $ _____
F. Other documented items of damages (describe below) ..................................................... $ _____

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

                                                                                    TOTAL (A-F):$

### CONTRACT CLAIMS
(attach additional sheets as necessary)

Provide a detailed description of claims(s):

This is a breach of contract claim arising out of the Plaintiff's termination as a Pharmacy Manager by CVS Pharmacy, Inc.    TOTAL: $   >$250,000

The Plaintiff also brings this action, individually and on behalf of others similarly situated, for owed wages.

Signature of Attorney/Pro Se Plaintiff: X _____    Date: 1/28/2020

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

## CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X _____    Date: 1/28/2020

COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, ss.

SUPERIOR COURT
CIVIL ACTION NO.
2083CV00088

_____

KATHERINE CROWLEY, individually and
on behalf of others similarly situated,

              Plaintiffs

v.

CVS PHARMACY, INC.
and KEVIN HOURICAN

              Defendants
_____

)
)
)
)
)
)
)
)
)
)
)
)
)
)

## COMPLAINT

### PARTIES

1. The Plaintiff, Katherine Crowley, is a resident of Hanover, Plymouth County, Massachusetts.

2. The Defendant, CVS Pharmacy, Inc., is a for-profit corporation with a principal place of business in Woonsocket, Rhode Island. The Defendant, CVS Pharmacy, Inc. does business throughout the Commonwealth of Massachusetts, including in Hanover, Plymouth County, Massachusetts.

3. The Defendant, Kevin Hourican, now and at all relevant times as set forth in this Complaint, was President of CVS Pharmacy, Inc.

### FACTS

4. The Plaintiff was employed by the Defendant, CVS Pharmacy, Inc. ("CVS Pharmacy"), in various capacities, from March of 2007 to August 5, 2019.

5. The Plaintiff was employed by CVS Pharmacy as the Pharmacy Manager at CVS Health Store No. 1945 ("Store No. 1945") in Hanover, Massachusetts from August of 2015 to August 5, 2019, when she was terminated.

1

6. As part of the Plaintiff's employment agreement with CVS Pharmacy, the Plaintiff was entitled to the benefit of a progressive disciplinary policy. In accordance with this policy and practice, a first incident results in a verbal warning (Level I), a second incident results in counselling (Level II), a third incident results in a final warning (Level III), and a fourth incident results in termination (Level IV).

7. On August 5, 2019, the Plaintiff was advised by CVS Pharmacy that she was being issued a Level IV action resulting in her termination. CVS Pharmacy advised the Plaintiff that it had received "3 separate written complaints from 3 pharmacy colleagues" over a six-day period in July of 2019 suggesting that the Plaintiff had created a hostile working environment. CVS Pharmacy also noted that the Plaintiff had previously received a Level III Final Warning.

8. Based upon her employment agreement with CVS Pharmacy, the Plaintiff was entitled to a fair and complete investigation of the allegations which resulted in the alleged Level IV action. CVS Pharmacy did not conduct a fair and complete investigation.

9. Despite the fact that there were allegedly three separate written complaints over a six-day period after the Plaintiff had been employed for twelve years, CVS Pharmacy did not make the Plaintiff aware of the complaints until the time of her termination. CVS Pharmacy did not interview the Plaintiff regarding these allegations, affording the Plaintiff the opportunity to place the allegations in context.

10. The alleged complaints were based upon the complaints of one pharmacy technician who did not want to take direction from the Plaintiff or to be admonished.

11. The alleged complaints, if placed in context with a fair and complete investigation as required of CVS Pharmacy, did not warrant termination or any other adverse action against the Plaintiff.

12. CVS Pharmacy did not appropriately adhere to it progressive disciplinary policy in violation of its employment agreement with the Plaintiff as follows:

a. CVS Pharmacy never issued a Level I warning to the Plaintiff.

b. A Level II violation was issued to the Plaintiff by CVS Pharmacy due to a conflict which arose between the Plaintiff, as Pharmacy Manager, and the Store Manager regarding the Pharmacy using front store staff to help ring up customers in the Pharmacy when they were short staffed. When the issue initially arose, the District Leader directed that whereas the Pharmacy drives the store, generating more than 75% of the store revenue, the Store Manager was to send back front store staff to help ring in the Pharmacy whenever requested by the Plaintiff. When conflict continued regarding this issue, both the Plaintiff and the Store Manager were reprimanded by CVS Pharmacy despite the previous direction by the District Manager. The Level II violation should never have been issued to the Plaintiff.

c. A Level III violation was issued when the Plaintiff advised her District Leader that he would need to get someone to cover her shift as she had received a call from her mother who was in the Emergency Room at South Shore Hospital having chest pains. The District Leader advised the Plaintiff that she would have to come in and open the pharmacy or to find a co-worker to cover for her. During their exchange that morning, the District Leader advised the Plaintiff that she was being irresponsible and that he expected her to open the store. The Plaintiff informed the District Leader that she was going to the hospital and did not intend to take further action. Despite the fact that the District Leader's position was in violation of both the Federal Family and Medical Leave Act and CVS Pharmacy policies, a Level III violation was issued to the Plaintiff.

d. As noted herein, a Level IV violation was issued to the Plaintiff resulting in her termination without a required fair and complete investigation including but not limited to interviewing the Plaintiff.

13. The Plaintiff was paid an hourly wage throughout her employment by CVS Pharmacy.

14. In 2015, when the Plaintiff was offered the position of Pharmacy Manager at CVS Health Store 1945, she was advised in a forwarding email that her "new hourly rate will be 60.09 with scheduled base hours of 33.0".

15. As Pharmacy Manager, the Plaintiff was being paid an hourly wage of $65.10 at the time of her termination on August 5, 2019.

16. When CVS Pharmacy responded to the Plaintiff's application for unemployment, following her termination, CVS Pharmacy confirmed that the Plaintiff was "earning $65.10 per hour".

17. During all relevant times, CVS Pharmacy budgeted a set number of total hours to be worked on a weekly basis by the pharmacists assigned to each of its stores. Those budgeted hours were divided among the pharmacists assigned to cover each store such that each pharmacist had a set number of hours that each pharmacist had to average on a weekly basis over the course of a two-week or three-week schedule.

18. At all relevant times, the Plaintiff's assigned set number of hours that she had to average was never greater than 40 hours per week. During certain weeks, however, the schedule provided for her to work more than 40 hours.

19. The Plaintiff was required to work certain Sundays and holidays throughout her employment with CVS Pharmacy.

20. The Plaintiff was paid by CVS Pharmacy every two weeks. The Plaintiff would receive for each week worked the same "base pay". The "base pay" was calculated by multiplying her then assigned set number of hours which she was required to average on a weekly basis by her then current hourly rate.

21. The assigned number of hours which the Plaintiff was required to average on a weekly basis was not always the same throughout the course of the Plaintiff's employment with CVS Pharmacy. On at least two occasions, CVS Pharmacy increased the budgeted number of total hours the pharmacists assigned to Store No. 1945 would need to work on a weekly basis, which resulted in an increase in the number of hours the Plaintiff was required to average on a weekly basis. On these occasions, as the Plaintiff was an hourly employee, the "base pay" the Plaintiff was earning on a weekly basis increased because of the additional hours. When the Plaintiff's hours were increased, there was no negotiation between the Plaintiff and CVS Pharmacy regarding these additional hours.

22. On at least one occasion, CVS Pharmacy decreased the budgeted number of total hours the pharmacists assigned to Store No. 1945 would need to work on a weekly basis, which resulted in a decrease in the number of hours the Plaintiff was required to average on a weekly basis. When this happened, as the Plaintiff was an hourly employee, the "base pay" the Plaintiff was earning on a weekly basis decreased because she was required to average one less hour per week. When the Plaintiff's hours were decreased, there was no negotiation between the Plaintiff and CVS Pharmacy regarding these fewer hours.

4

23. Over the time the Plaintiff worked at CVS Pharmacy her hourly rate gradually increased as she was provided from time to time merit raises.

24. On rare occasions, when the pharmacy at CVS Health Store No. 1945 was backed up, the District Leader would approve additional paid hours for the pharmacists beyond their assigned hours.

25. CVS Pharmacy's policy was to pay a pharmacist a CVS Pharmacy overtime rate if a pharmacist exceeded 44 hours in a work week. This overtime rate was not time and a half.

26. On at least two occasions on which the Plaintiff was approved for hours which exceeded her working 44 hours in a work week, CVS Pharmacy credited those hours for which the Plaintiff would have received the CVS Pharmacy overtime rate over a two to three week period instead of crediting those hours for the week in which they were earned thereby depriving the Plaintiff of the CVS Pharmacy overtime rate.

27. CVS Pharmacy on numerous occasions denied the Plaintiff's requests for additional paid hours beyond the hours for which she had been assigned. On those occasions the Plaintiff was generally advised to find a way to get her work done within her assigned hours.

28. The environment created by CVS Pharmacy leadership was such that the Plaintiff, except in dire circumstances, stopped requesting approval for additional paid hours.

29. On a weekly basis, the Plaintiff came in earlier than her scheduled shifts and stayed beyond her scheduled shifts in order to help to try to keep the heavy volume of prescriptions filled in a timely manner. It is expected that the pharmacy log book at CVS Health Store 1945 and the computer log credentialing the Plaintiff's filling of prescriptions reflect that at a minimum, the Plaintiff was working an additional four hours per week in the store beyond the hours for which the Plaintiff was assigned and paid.

30. CVS Pharmacy was aware that the Plaintiff was working these additional hours in the store for which she was not being paid.

31. On a weekly basis, the Plaintiff also undertook scheduling assignments at home which totaled approximately two additional hours per week.

32. CVS Pharmacy was aware that the Plaintiff was working these additional hours at home for which she was not being paid.

33. Approximately twice per year, the Plaintiff, as Pharmacy Manager, was required to participate in day long meetings for CVS Pharmacy for which she was not paid. Additionally, approximately eight times per year, the Plaintiff was required to participate in other local meetings for approximately three hours each and for which she was not paid.

34. CVS Pharmacy was aware that the Plaintiff was attending these required meetings for which she was not being paid.

35. CVS Pharmacy was aware that the Plaintiff was working in excess of 40 hours per week but did not pay the Plaintiff overtime in accordance with M.G.L. c. 151, § 1A.

36. CVS Pharmacy was aware that the Plaintiff was working certain Sundays and holidays but did not pay the Plaintiff premium pay in accordance with M.G.L. c. 136, § 6.

37. CVS Pharmacy was aware that the Plaintiff was working certain weeks in excess of 44 hours but did not pay the Plaintiff the CVS Pharmacy overtime rate for hours exceeding 44 hours.

38. On information and belief, other pharmacists were employed by CVS Pharmacy for an hourly wage and worked hours beyond the hours for which they had been budgeted and were not paid for said hours.

39. On information and belief, other pharmacists employed by CVS Pharmacy for an hourly wage worked hours in excess of 40 hours per week but were not paid overtime by CVS Pharmacy in accordance with M.G.L. c. 151, § 1A.

40. On information and belief, other pharmacists employed by CVS Pharmacy for an hourly wage worked certain Sundays and holidays but were not paid premium pay in accordance with M.G.L. c. 136, § 6.

41. On information and belief, other pharmacists employed by CVS Pharmacy for an hourly wage worked hours in excess of 44 hours per week but were not paid the CVS Pharmacy overtime rate for the hours exceeding 44 hours.

42. On information and belief, other Pharmacy Managers approximately twice per year were required to participate in day long meetings for CVS Pharmacy for which they were not paid. Additionally, approximately eight times per year other Pharmacy Managers were required to participate in other local meetings for approximately three hours each and for which they were not paid.

43. A complaint was filed with the Attorney General's Office for non-payment of wages. The Attorney General's Office on December 24, 2019, authorized the Plaintiff to file a private civil lawsuit on her own behalf and on behalf of similarly situated workers.

## CLASS ALLEGATIONS

44. The Plaintiff, Ms. Crowley, brings this action on behalf of two classes of similarly situated CVS Pharmacy employees.

45. The "Pharmacist Class" consists of all persons who were employed by CVS Pharmacy in Massachusetts as pharmacists at any time between the date six years prior to the date this action was filed and the date of judgment, who worked in excess of their budgeted hours and were not paid for said work, who were not paid overtime pay of time and a half in accordance with M.G.L. c. 151, § 1A, who were not paid premium pay in accordance with M.G.L. c. 136, § 6 for work undertaken on Sundays and holidays, and/or who were not paid the CVS Pharmacy overtime rate for work in excess of 44 hours.

46. The "Pharmacy Manager Class' consists of all Pharmacy Managers who were employed by CVS Pharmacy in Massachusetts at any time between the date six years prior to the date this action was filed and the date of judgment, who were not paid for their attendance at mandatory meetings of CVS Pharmacy.

47. The Plaintiff and both of the Classes meet the requirements of Mass. R. Civ. P. 23 to pursue this action as a class action.

48. The Classes are sufficiently numerous that joinder of all members is impracticable.

49. On information and belief, the Pharmacy Manager Class encompasses at least 423 members. On information and belief, the Pharmacist Class encompasses at least 846 members.

50. There are questions of law and fact which are common to all members of the Classes. These questions predominate over any question affecting only individual class members. The gravamen of this complaint, aside from the claim arising from the termination of the Plaintiff, is based on several discrete and uniform policies and practices of CVS Pharmacy that affected a group of employees in a similar manner.

51. Ms. Crowley's claims pertaining to her wages are typical of claims of members of the Classes. All such claims are based on the same factual and legal theories.

52. Ms. Crowley will fairly and adequately represent the interests of Class members. Ms. Crowley has no conflict with any members of the Classes and is capable and willing to serve as a class representative. She has retained competent and experienced counsel.

53. Certification of this class pursuant to Mass. R. Civ. P. 23 is appropriate.  Common questions of law and fact predominate over individual questions. Among the questions of law and fact common to the Plaintiff and Classes are:

   a. Whether CVS Pharmacy pharmacists are hourly employees subject to the Massachusetts Wage Act;

   b. Whether CVS Pharmacy's practice of not paying pharmacists for work undertaken beyond their assigned hours is a violation of M.G.L. c. 149, § 148;

   c. Whether CVS Pharmacy's practice of not paying time and a half to pharmacists for work in excess of 40 hours in a work week is a violation of M.G.L. c. 151, § 1A;

   d. Whether CVS Pharmacy's practice of not paying premium pay to pharmacists for work undertaken on Sundays and certain holidays is a violation of M.G.L. c. 136, § 6;

8

e.   Whether CVS Pharmacy's practice of not paying Pharmacy Managers for their required attendance at meetings is a violation of M.G.L. c. 149, § 148;

f.   Whether CVS Pharmacy's practice of not paying pharmacists the CVS Pharmacy overtime rate when pharmacists worked in excess of 44 hours is a violation of M.G.L. c. 149, § 148;

g.   Whether CVS Pharmacy breached the employment agreements it held with pharmacists by not paying said pharmacists for work they had undertaken beyond their budgeted hours;

h.   Whether CVS Pharmacy breached the employment agreements it held with pharmacists by not paying said pharmacists the CVS Pharmacy overtime rate when the pharmacists worked in excess of 44 hours; and

i.   Whether CVS Pharmacy breached the employment agreements it held with Pharmacy Managers by not paying said Pharmacy Managers for their required attendance at meetings.

54.   A class action is superior to other available methods for the fair and efficient adjudication of the controversy, in that:

a.   Concentration of the litigation concerning this matter in this Court is desirable;

b.   A failure of justice will result from the absence of a class action;

c.   The amounts at issue for individual class members are not substantial enough to make individual actions economic; and

d.   The class is of moderate size and no difficulties are likely to be encountered in the management of a class action.

## CAUSES OF ACTION

### COUNT I
**(Breach of Contract Resulting in Termination: Katherine Crowley, Individually, vs. CVS Pharmacy)**

1.   Plaintiff incorporates herein by reference paragraphs 1-43 of Plaintiff's Complaint.

2.   The Defendant, CVS Pharmacy, breached its employment agreement with the Plaintiff by failing to fairly and completely investigate the allegations which led to the finding of a Level IV violation and which resulted in the termination of the Plaintiff.

9

3. The Defendant, CVS Pharmacy, breached its employment agreement by not appropriately adhering to and applying its progressive disciplinary policy, resulting in the Plaintiff's termination.

WHEREFORE, the Plaintiff, Katherine Crowley, prays judgment against the Defendant, CVS Pharmacy, in an amount to be determined by a jury, costs, and interest.

## COUNT II
### (Non-Payment of Wages in Violation of M.G.L. c. 149, §§ 148 and 150: Pharmacist Class vs. CVS Pharmacy and Kevin Hourican)

1. Plaintiff incorporates herein by reference paragraphs 1-54 of Plaintiff's Complaint.

2. M.G.L. c. 149, § 148 requires the timely payment of all wages.

3. M.G.L. c. 149, § 148 provides, in relevant part, that "[e]very person having employees in his service shall pay weekly or bi-weekly each such employee the wages earned by him to within six days of the termination of the pay period during which the wages were earned if employed for five or six days in a calendar week, or to within seven days of the termination of the pay period during which the wages were earned if such employee is employed seven days in a calendar week…"

4. 454 Code Mass. Regs. § 27.02 defines working time, in relevant part, as "all time during which an employee is required to be on the employer's premises or to be on duty, or to be at the prescribed work site or at any other location, and any time worked before or after the end of the normal shift to complete the work.."

5. By failing to pay the Pharmacist Class members their earned wages, including the wages they earned for hours worked beyond their budgeted hours, hours worked in excess of 44 hours entitling them to the CVS Pharmacy overtime rate, and hours worked on Sundays and certain holidays entitling the Pharmacist Class to premium pay, CVS Pharmacy and Kevin Hourican failed to pay the Pharmacist Class members the full amount of their earned wages when they became due and payable in violation of M.G.L. c. 149, § 148.

6. The Plaintiff incurred damages as a result of the Defendants' actions.

WHEREFORE, the Plaintiff on behalf of the Pharmacist Class, prays judgment against the Defendants, CVS Pharmacy and Kevin Hourican, in an amount to be determined by a jury, and in accordance with M.G.L. c. 149, § 150, treble damages, the costs of this litigation, and attorneys' fees, together with accrued interest.

## COUNT III
### (Breach of Contract - Non-Payment of Wages: Pharmacist Class vs. CVS Pharmacy)

1. Plaintiff incorporates herein by reference paragraphs 1-54 of Plaintiff's Complaint.

2. By failing to pay the Pharmacist Class members their earned wages, including the wages they earned for hours worked beyond their budgeted hours and hours worked in excess of 44 hours entitling them to the CVS Pharmacy overtime rate, CVS Pharmacy breached the employment agreements it held with members of the Pharmacist Class.

3. The Plaintiff incurred damages as a result of the Defendant's actions.

WHEREFORE, the Plaintiff on behalf of the Pharmacist Class, prays judgment against the Defendant, CVS Pharmacy, in an amount to be determined by a jury, costs, and interest.

## COUNT IV
### (Non-Payment of Overtime Wages in Violation of M.G.L. c. 151, §§ 1A and 1B: Pharmacist Class vs. CVS Pharmacy and Kevin Hourican)

1. Plaintiff incorporates herein by reference paragraphs 1-54 of Plaintiff's Complaint.

2. M.G.L. c. 151 § 1A provides, in relevant part, that "no employer in the commonwealth shall employ any of his employees.... for a work week longer than forty hours, unless such employee receives compensation for his employment in excess of forty hours at a rate not less than one and a half times the regular rate at which he is employed."

3. By failing to pay the Pharmacist Class members at a rate of one and a half times the regular rate at which they were employed for employment in excess of forty hours in a work week, CVS Pharmacy and Kevin Hourican failed to pay the Pharmacist Class members the full amount of their earned wages.

4. The Plaintiff incurred damages as a result of the Defendants' actions.

WHEREFORE, the Plaintiff on behalf of the Pharmacist Class, prays judgment against the Defendants, CVS Pharmacy and Kevin Hourican, in an amount to be determined by a jury, and in accordance with M.G.L. c. 151, § 1B treble damages, the costs of this litigation, and attorneys' fees, together with accrued interest.

### COUNT V
**(Non-Payment of Wages in Violation of M.G.L. c. 149, §§ 148 and 150: Pharmacy Manager Class vs. CVS Pharmacy and Kevin Hourican)**

1. Plaintiff incorporates herein by reference paragraphs 1-54 of Plaintiff's Complaint.

2. M.G.L. c. 149, § 148 requires the timely payment of all wages.

3. M.G.L. c. 149, § 148 provides, in relevant part, that "[e]very person having employees in his service shall pay weekly or bi-weekly each such employee the wages earned by him to within six days of the termination of the pay period during which the wages were earned if employed for five or six days in a calendar week, or to within seven days of the termination of the pay period during which the wages were earned if such employee is employed seven days in a calendar week..."

4. 454 Code Mass. Regs. § 27.02 defines working time, in relevant part, as "all time during which an employee is required to be on the employer's premises or to be on duty, or to be at the prescribed work site or at any other location, and any time worked before or after the end of the normal shift to complete the work.."

5. By failing to pay the Pharmacy Manager Class members their earned wages, including the wages they earned for hours worked through their attendance at required meetings, CVS Pharmacy and

Kevin Hourican failed to pay the Pharmacist Class members the full amount of their earned wages when they became due and payable in violation of M.G.L. c. 149, § 148.

6. The Plaintiff incurred damages as a result of the Defendants' actions.

WHEREFORE, the Plaintiff on behalf of the Pharmacy Manager Class, prays judgment against the Defendants, CVS Pharmacy and Kevin Hourican, in an amount to be determined by a jury, and in accordance with M.G.L. c. 149, § 150, treble damages, the costs of this litigation, and attorneys' fees, together with accrued interest.

## COUNT VI
### (Breach of Contract - Non-Payment of Wages: Pharmacy Manager Class vs. CVS Pharmacy)

1. Plaintiff incorporates herein by reference paragraphs 1-54 of Plaintiff's Complaint.

2. By failing to pay the Pharmacy Manager Class members their earned wages, including the wages they earned for hours worked through their attendance at required meetings, CVS Pharmacy breached the employment agreements it held with members of the Pharmacy Manager Class.

3. The Plaintiff incurred damages as a result of the Defendant's actions.

WHEREFORE, the Plaintiff on behalf of the Pharmacy Manager Class, prays judgment against the Defendant, CVS Pharmacy, in an amount to be determined by a jury, costs, and interest.

## COUNT VII
### (Non-Payment of Wages in Violation of M.G.L. c. 149, §§ 148 and 150: Katherine Crowley, Individually, vs. CVS Pharmacy and Kevin Hourican)

1. Plaintiff incorporates herein by reference paragraphs 1-43 of Plaintiff's Complaint.

2. M.G.L. c. 149, § 148 requires the timely payment of all wages.

3. M.G.L. c. 149, § 148 provides, in relevant part, that "[e]very person having employees in his service shall pay weekly or bi-weekly each such employee the wages earned by him to within six

days of the termination of the pay period during which the wages were earned if employed for five or six days in a calendar week, or to within seven days of the termination of the pay period during which the wages were earned if such employee is employed seven days in a calendar week…"

4. 454 Code Mass. Regs. § 27.02 defines working time, in relevant part, as "all time during which an employee is required to be on the employer's premises or to be on duty, or to be at the prescribed work site or at any other location, and any time worked before or after the end of the normal shift to complete the work.."

5. By failing to pay Katherine Crowley her earned wages, including the wages she earned for hours worked beyond her budgeted hours, hours worked in excess of 44 hours entitling her to the CVS Pharmacy overtime rate, hours worked on Sundays and certain holidays entitling Katherine Crowley to premium pay, and hours worked by her attendance at required meetings, CVS Pharmacy and Kevin Hourican failed to pay Katherine Crowley the full amount of her earned wages when they became due and payable in violation of M.G.L. c. 149, § 148.

6. The Plaintiff incurred damages as a result of the Defendants' actions.

WHEREFORE, the Plaintiff, Katherine Crowley, Individually, prays judgment against the Defendants, CVS Pharmacy and Kevin Hourican, in an amount to be determined by a jury, and in accordance with M.G.L. c. 149, § 150, treble damages, the costs of this litigation, and attorneys' fees, together with accrued interest.

### COUNT VIII
### (Breach of Contract - Non-Payment of Wages: Katherine Crowley, Individually, vs. CVS Pharmacy)

1. Plaintiff incorporates herein by reference paragraphs 1-43 of Plaintiff's Complaint.

2. By failing to pay Katherine Crowley her earned wages, including the wages she earned for hours worked beyond her budgeted hours, hours worked in excess of 44 hours entitling her to the CVS Pharmacy overtime rate, and hours worked by her attendance at required meetings, CVS Pharmacy breached the employment agreement it held with Katherine Crowley.

3. The Plaintiff incurred damages as a result of the Defendant's actions.

WHEREFORE, the Plaintiff, Katherine Crowley, Individually, prays judgment against the Defendant, CVS Pharmacy, in an amount to be determined by a jury, costs, and interest.

## COUNT IX
### (Non-Payment of Overtime Wages in Violation of M.G.L. c. 151, §§ 1A and 1B: Katherine Crowley, Individually, vs. CVS Pharmacy and Kevin Hourican)

1. Plaintiff incorporates herein by reference paragraphs 1-43 of Plaintiff's Complaint.

2. M.G.L. c. 151, § 1A provides, in relevant part, that "no employer in the commonwealth shall employ any of his employees.... for a work week longer than forty hours, unless such employee receives compensation for his employment in excess of forty hours at a rate not less than one and a half times the regular rate at which he is employed."

3. By failing to pay Katherine Crowley at a rate of one and a half times the regular rate at which she was employed for employment in excess of forty hours in a work week, CVS Pharmacy and Kevin Hourican failed to pay Katherine Crowley the full amount of her earned wages.

4. The Plaintiff incurred damages as a result of the Defendants' actions.

WHEREFORE, the Plaintiff, Katherine Crowley, Individually, prays judgment against the Defendants, CVS Pharmacy and Kevin Hourican, in an amount to be determined by a jury, and in accordance with M.G.L. c. 151, § 1B treble damages, the costs of this litigation, and attorneys' fees, together with accrued interest.

THE PLAINTIFF CLAIMS A TRIAL BY JURY.

15

Respectfully submitted,

THE PLAINTIFF

By Her Attorneys,

Wilson D. Rogers, III
BBO #559943
89 Essex Heights Drive
Weymouth, MA 02188
781-794-1600
wrogersiii@therogerslawfirm.com

L. Richard, LeClair, III
BBO #561650
LeClair & LeClair, P.C.
707 Main Street
Waltham, MA 02451
781-893-5655
lrl@leclairlaw.com

16

# *WILSON D. ROGERS, III*

*Attorney at Law*
*89 Essex Heights Drive*
*Weymouth, Massachusetts 02188*
*781-794-1600*

*wrogersiii@therogerslawfirm.com*                    *www.wilsonrogerslaw.com*

March 27, 2020

Plymouth Superior Court
Civil Clerks Office
72 Belmont Street
Brockton, MA 02301

> RE: KATHERINE CROWLEY, ET ALS.
> VS. CVS PHARMACY, INC. AND KEVIN HOURICAN
> PLYMOUTH SUPERIOR COURT
> CIVIL ACTION NO. 2083CV00088

Dear Sir/Madam:

In accordance with M.G.L. c. 223A, Section 6, enclosed please the following:

1. Affidavit of Service upon the Defendants, CVS Pharmacy, Inc. and Kevin Hourican.

Thank you for your attention to this matter.

Sincerely,

Wilson D. Rogers, III

cc: L. Richard LeClair
    Jim Swartz

COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, ss.

SUPERIOR COURT
CIVIL ACTION NO.
2083CV00088

```
                                    )
KATHERINE CROWLEY, individually and )
on behalf of others similarly situated,  )
                                    )
            Plaintiffs              )
                                    )
v.                                  )
                                    )
CVS PHARMACY, INC.                  )
and KEVIN HOURICAN                  )
                                    )
            Defendants              )
                                    )
```

## AFFIDAVIT OF SERVICE UPON THE DEFENDANTS, CVS PHARMACY, INC. AND KEVIN HOURICAN

I, Wilson D. Rogers, III, hereby state under the pains and penalties of perjury as follows:

1. I am Counsel for the Plaintiff, Katherine Crowley.

2. I am an attorney in good standing in the Commonwealth of Massachusetts.

3. On March 23, 2020, in accordance with M.G.L. c. 223A, Section 6, I forwarded by certified mail, return receipt requested, a Summons directed to CVS Pharmacy, Inc., a Summons directed to Kevin Hourican, and two copies of the Complaint to Kevin Hourican, President of CVS Pharmacy, Inc. at his office in Woonsocket, Rhode Island.

4. On March 27, 2020, I received from the United States Postal Service the attached receipt reflecting service.

Wilson D. Rogers, III

Date: 3/27/2020



**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Mr. Kevin Hovrican
President
CVS Pharmacy, Inc.
One CVS Drive
Woonsocket, RI 02895

9590 9402 3384 7227 3419 69

2. Article Number (Transfer from service label)
7019 2970 0001 7335 5014

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☑ Agent ☐ Addressee

B. Received by (Printed Name)       C. Date of Delivery
MAR 25 2020

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

---

USPS TRACKING #

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

9590 9402 3384 7227 3419 69

United States
Postal Service

• Sender: Please print your name, address, and ZIP+4® in this box•

Wilson D. Rogers, III
Attorney at Law
89 Essex Heights Dr.
Weymouth, MA  2188